LEE, & ISSERLIS, P.S.
201 W. North River Drive, Suite 340
Spokane, WA 99201
(509) 326-1800
KENNETH ISSERLIS

Attorneys for Plaintiff

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 10 2001

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF WASHINGTON

JACK W. LIEN,

           Plaintiff,

v.

WHITMAN COUNTY, a political
subdivision of the State of
Washington; LES WIGEN, in his
personal and official capacities;
HOLLIS JAMISON, in his personal
and official capacities; NORA MAE
KEIFER, in her personal and
official capacities; JAMES KAUFMAN,
in his personal and official capacities;
RONALD SHIRLEY, in his personal
and official capacities; J. TOBIN
KRAUEL in his personal and official
capacities; and PATRICK KELLY, in
his personal and official capacities,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CS-01-0328-RHW
NO.

COMPLAINT

COMPLAINT - 1

LEE & ISSERLIS, P.S.
*Attorneys at Law*
201 W. North River Dr. #340, Spokane, WA 99201
(509) 326-1800

# I. PRELIMINARY STATEMENT

1.       This is an action for the violation of Plaintiff Jack W. Lien's free speech rights under the First Amendment to the United States Constitution.  Mr. Lien was a long-term employee of Whitman County, Washington.  After Mr. Lien spoke publicly on certain matters of public concern, the Defendants retaliated against Mr. Lien, by, among other things: investigating and pursuing criminal charges against him; publicly criticizing him; reprimanding and otherwise disciplining him; and otherwise deliberately making his working conditions intolerable, such that he was forced to resign.  By this unlawful conduct, the Defendants have infringed upon Mr. Lien 's right to free speech in violation of the First Amendment to the United States Constitution.  Mr. Lien brings this action to obtain redress for the harm he has suffered and continues to suffer as a result of the Defendants' unlawful conduct.

## II.       JURISDICTION, VENUE, AUTHORIZATION OF CLAIMS AND ADMINISTRATIVE PREREQUISITES

2.       This Court has jurisdiction of Mr. Lien 's federal law claims under 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights action).

3.       All acts complained of herein took place in Whitman County, Washington, by parties residing or conducting business in Whitman County, Washington.  As such, venue is proper in this Court.   28 U.S.C. §1391(b) (District where the claim arose).

4.       Mr. Lien's claim for the violation of his federal constitutional rights is authorized by 42 U.S.C. §§ 1983 and 1988; and no administrative or other prelitigation remedies are

COMPLAINT - 2

applicable to this claim.

## III. IDENTIFICATION OF THE PARTIES

5.      Plaintiff Jack W. Lien is a resident of Thurston County, Washington. At all times relevant to this claim, he was employed by Defendant Whitman County.

6.      Defendant Whitman County is a political subdivision of the State of Washington.

7.      At all times relevant to this claim, each of the individual Defendants was employed by Whitman County and acted under color of law, both in his or her personal and official capacities. At all times relevant to this claim one or more of the individual Defendants was a Whitman County official with final policy-making authority.

## IV. FACTS RELEVANT TO PLAINTIFF'S CLAIMS FOR RELIEF

8.      Plaintiff Jack W. Lien began to work for the Whitman County Juvenile Court as a probation counselor in May 1975. In May 1978, Mr. Lien was promoted and became the head of the Whitman County Juvenile Diversion unit. In August 1988, Mr. Lien was again promoted and became the administrator of the Whitman County Juvenile and Family Court. On October 12, 1998, Mr. Lien was placed on leave. Mr. Lien remained on leave until he was forced to resign in March 1999.

9.      During the course of his employment at Whitman County, Mr. Lien spoke on several matters of public concern, including but not necessarily limited to the following:

    a.      He publicly criticized one or more investigations or prosecutions undertaken by the Whitman County Prosecuting Attorney's Office, contending that the investigations and prosecutions were unfounded and otherwise involved a misuse of public resources.

    b.      He assisted a Whitman County employee who he understood had been the victim of sexual misconduct in the workplace.

COMPLAINT - 3

c.     He opposed Whitman County's hiring of a law enforcement official because he understood that this individual would pose a threat to public safety.

10.    After Mr. Lien spoke on these matters of public concern, the Defendants subjected him to a number of adverse employment and other actions including, but not necessarily limited to, the following:

a.     He was the subject of an extensive criminal investigation and subsequent prosecution.

b.     He was publicly criticized and disparaged in the news media, to his co-workers, and otherwise.

c.     He was reprimanded and otherwise disciplined.

d.     His working conditions were ultimately made so intolerable that he was forced to resign.

11.    As a direct and proximate result of the Defendants' conduct as described herein, Mr. Lien has been severely harmed, in that (among other things), he has experienced and will continue to experience significant pecuniary losses, lost earning capacity, mental anguish and emotional distress (as manifested by a variety of objective physical and emotional symptoms), and the loss of enjoyment of life.

## V. PLAINTIFF'S CLAIM FOR RELIEF: FIRST AMENDMENT VIOLATION

12.    Mr. Lien reasserts and reincorporates herein the allegations contained in paragraphs 1 through 11.

13.    The Civil Rights Act (42 U.S.C. §1983) authorizes an individual to bring suit against any "person" who, acting under color of law, deprives the individual of his or her federal Constitutional or statutory rights.

COMPLAINT - 4

LEE & ISSERLIS, P.S.
Attorneys at Law
201 W. North River Dr. #340, Spokane, WA 99201
(509) 326-1800

14.     Defendant Whitman County and each individual Defendant are "persons" within the meaning of 42 U.S.C. §1983.  All actions taken by Whitman County and the individual Defendants in relation to Mr. Lien were taken under the color of law.

15.     All actions taken by Defendant Whitman County in relation to Mr. Lien were also taken pursuant to a governmental policy or custom, in that: a) these actions were taken pursuant to a long-standing practice or custom that constitutes Defendant Whitman County's standard operating procedure; b) these actions were taken by one or more Whitman County officials with final policy-making authority, such that these actions constituted an act of official governmental policy; and/or c) these actions were ratified by one or more Whitman County officials with final policy-making authority.

16.     Mr. Lien's speech as described herein constituted publicly expressed speech on a matter of public concern.

17.     Mr. Lien experienced a series of adverse employment and others actions after he publicly spoke on matters of public concern.  These adverse actions included (among other things): the investigation and pursuit of criminal charges against him; public criticism; reprimands and other forms of discipline; and working conditions which were otherwise intolerable, such that he was forced to resign.

18.     Mr. Lien's speech posed no threat to and in no way hindered the Defendants' interest in promoting efficiency and effectiveness in the public service they perform.  Mr. Lien's speech was not disruptive and was not likely to cause any disruption in the workplace.

COMPLAINT - 5

19.    Mr. Lien 's interest in exercising his right to freedom of speech is greater than any interest the Defendants may have in promoting efficiency or effectiveness in the public service they perform.

20.    Mr. Lien's speech was a substantial or motivating factor in the Defendants taking adverse employment and other actions with respect to Mr. Lien.  As such, by taking these actions against Mr. Lien in retaliation for his speaking on matters of public concern, Defendant Whitman County and the individual Defendants, acting in their official and personal capacities, have deprived Mr. Lien of his right to free speech under the First Amendment to the United States Constitution.

21.    By their actions as described herein, the individual Defendants violated clearly established federal constitutional rights of which a reasonable person would have been aware at the time these actions were taken by the individual Defendants.

22.    There is no adequate state law remedy available to Mr. Lien to vindicate the violations of his federal constitutional rights described herein.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Jack Lien prays that the Court:

1.    Award Plaintiff Jack Lien all declaratory and injunctive relief to which he is entitled under 42 U.S.C. §§ 1983 and 1988, Fed.R.Civ.P. 57, 28 U.S.C. § 2201, Fed.R.Civ.P. 65, or as otherwise authorized by law.

COMPLAINT - 6

LEE & ISSERLIS, P.S.
Attorneys at Law
201 W. North River Dr. #340, Spokane, WA 99201
(509) 326-1800

2.    Award Plaintiff Jack Lien all damages to which he is entitled, including, but not necessarily limited to, all special, general, compensatory, punitive or other damages, pursuant to 42 U.S.C. §§ 1983 and 1988 or as otherwise authorized by law;

3.    Award Plaintiff Jack Lien the costs of this suit, including reasonable attorney's fees and costs, pursuant to 42 U.S.C. §1988 or as otherwise authorized by law;

4.    Award Plaintiff Jack Lien pre- and post-judgment interest to the extent authorized by law; and

5.    Award Plaintiff Jack Lien  such other relief as the Court deems just and proper.

DATED this 10th day of October, 2001 .

LEE & ISSERLIS, P.S.

By:_____
Kenneth Isserlis
Attorneys for Plaintiff Jack W. Lien

COMPLAINT - 7